IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-F-09-0366-LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 27) |
| vs. | |
| EVERARDO RODRIGUEZ-VASQUEZ, | |
| Defendant. | |

## INTRODUCTION

Defendant Everardo Rodriguez-Vasquez ("defendant") is a federal prisoner and proceeds pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 motion on the record and denies defendant section 2255 relief.

## BACKGROUND

### *Indictment and Plea Agreement*

On September 17, 2009, an indictment was filed charging defendant with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).

On January 19, 2011, defendant entered into a plea agreement with the government. In the agreement, defendant promised to plead guilty to the indictment (Plea agreement, p. 2) and agreed that any sentence imposed would be served consecutively to any sentence he might be currently serving (Plea agreement, p. 3). He also agreed to:

1

> waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea . . . and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.

(Plea agreement, p. 3).

Defendant also acknowledged that his plea was freely and voluntarily made and not the result of force, threats, or any promises except for those set forth in the agreement. (Plea agreement, p. 9). He also acknowledged that there were no representations or promises from anyone as to what sentence the Court would impose. (Plea agreement, p. 9).

The government agreed to recommend a two to three level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1; a four-level "early disposition" reduction under U.S.S.G. § 5K3.1 for proceeding without a trial and without filing any pretrial motions or any objections to the presentence report; and a sentence at the low end of the applicable Guidelines range which would result in a sentence of 51-months imprisonment. (Plea agreement, p. 6).

### *Plea and Sentencing Hearing*

On January 18, 2011, a hearing was held in which defendant pled guilty to the indictment and was sentenced. During the guilty-plea portion of the hearing, the following exchange occurred between the Court and defendant:

> Court: You've been advised, I want to confirm you understand, that you have rights of review, including a direct appeal from this Court to a higher court or collateral review by filing another case in this Court or another court, such as habeas corpus. You're giving up all rights of review of any kind or nature. Do you agree?
>
> Defendant: Yes.

(Plea hearing transcript, p. 4-5). Defendant also acknowledged that the plea agreement was translated from English to Spanish for him (Plea hearing transcript, p. 3), he understood the agreement (Plea hearing transcript, p. 3), and he was not threatened or pressured to plead guilty (Plea hearing transcript, p. 7). Later at the hearing, the government recommended a sentence of 51-months imprisonment. (Plea hearing transcript, p. 12-13). The Court sentenced defendant, pursuant to the plea agreement, to 51-months imprisonment. (Plea hearing transcript, p. 14).

### *Section 2255 Motion*

On September 21, 2011, defendant filed a pro se section 2255 motion with this Court in which he alleged three grounds for relief. First, defendant argues that he is entitled to relief under the Speedy Trial Act because the indictment should have been filed within 30 days from the date he was arrested. (2255 Motion, p. 5). He also seeks relief for "delay accumulated under the Interstate Agreement on Detainers Act." (2255 Motion, p. 5). Second, defendant argues that he received ineffective assistance of counsel when his district court counsel (1) failed to argue that his federal sentence should have run concurrently with his state sentence; (2) failed to request a downward departure for delay in prosecution and loss of the opportunity to serve the sentence concurrent with his state sentence; and (3) failed to inform defendant of his rights under the Due Process Clause and the Speedy Trial Act. (2255 Motion, p. 6). Third, defendant argues that the government's 3-year delay in prosecuting the indictment clearly prejudiced him by resulting in a disparate and excessive sentence. (2255 Motion, p. 8). Each of defendant's grounds for relief will be discussed in turn.

## DISCUSSION

### *Speedy Trial Act*

In ground one, defendant contends that he is entitled to relief under the Speedy Trial Act because the indictment should have been filed within 30 days from the date he was arrested. (2255 Motion, p. 5). He also seeks relief for "delay accumulated under the Interstate Agreement on Detainers Act" ("IAD"). (2255 Motion, p. 5). Both contentions fail.

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). According to the docket, the indictment was filed on September 17, 2009. An arrest warrant was filed on September 18, 2009. Defendant was arrested on May 20, 2010. Because the indictment was filed prior to defendant's arrest there was no Speedy Trial Act violation. *See* 18 U.S.C. § 3161(b).

With regard to defendant's argument under the IAD, the IAD is inapplicable to this case. "The IAD is an interstate compact entered into by 48 States, the United States, and the District of Colombia. It creates uniform procedures for lodging and executing a detainer by one State against a prisoner held

in another." *United States v. Lualemaga*, 280 F.3d 1260, 1263 (9th Cir. 2002). The IAD, by its express terms, applies only to "a person [who] has entered upon a term of imprisonment in a penal or correctional institution of a party State." 18 U.S.C. App. 2, § 2, art. III(a). It is unclear from defendant's section 2255 motion whether he was in state custody when he was taken into federal custody. The motion provides that defendant was arrested and taken into custody but doesn't specify if defendant was in state custody when he was arrested. (2255 Motion, p. 5). Accordingly, it appears that defendant was not in state custody. Thus, defendant has failed to state a cause of action under the IAD.

For the reasons discussed above, this Court denies defendant section 2255 relief with regard to ground one.

### *Ineffective Assistance of Counsel*

In ground two, defendant contends that he received ineffective assistance of counsel when his district court counsel (1) failed to argue that his federal sentence should have ran concurrent with his state sentence; (2) failed to request a downward departure for delay in prosecution and loss of the opportunity to serve the sentence concurrent with his state sentence; and (3) failed to inform defendant of his rights under the Due Process Clause and the Speedy Trial Act. (2255 Motion, p. 6).

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1993); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance.

*Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

A defendant is limited to attacking the voluntary and intelligent nature of the plea itself. *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602)."[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). When a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea depends on whether a counsel's advice was deficient. *Hill*, 474 U.S. at 56, 106 S.Ct. 366.

Defendant sets forth three bases for his ineffective assistance of counsel claim. First, he contends that he received ineffective assistance of counsel when his district court counsel failed to argue that his federal sentence should have run concurrently to his state sentence. (2255 Motion, p. 6). Counsel's performance was not deficient because in the plea agreement defendant agreed that any sentence imposed in this case would be served consecutively to any other sentence that he might now be serving. (Plea agreement, p. 3). Thus, if counsel would have made this argument it would have been a breach of the plea agreement. Accordingly, counsel's performance did not fall below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064.

Second, defendant contends that he received ineffective assistance of counsel when counsel failed to request a downward departure for delay in prosecution and loss of the opportunity to serve the sentence concurrent with his state sentence. (2255 Motion, p. 6). Counsel's performance was not deficient because in the plea agreement defendant agreed that he would not move for a downward departure or reduction in sentence beyond the 4-level early disposition departure agreed to in the plea agreement. (Plea agreement, p. 3). Thus, if counsel would have made this argument it would have been a breach of the plea agreement. Accordingly, counsel's performance did not fall below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064.

Third, defendant contends that he received ineffective assistance of counsel when counsel failed to inform him of his rights under the Due Process Clause and the Speedy Trial Act. (2255 Motion, p. 6). Counsel's performance was not deficient because the record indicates that counsel informed defendant of his rights. In the plea agreement defendant agreed not to raise "any objections based on the passage of time . . .including . . . any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment." (Plea agreement, p. 4). In the "Waiver of Rights" section of the agreement, defendant acknowledged that his attorney explained the rights he was waiving and the consequences of his waiver of the rights. (Plea agreement, p. 8-9). At the Rule 11 hearing, the sentencing court confirmed that defendant signed the agreement after he went through it with his lawyer.

(Plea hearing transcript, p. 2-3).  Defendant acknowledged that he understood the agreement before he signed it and that he was satisfied with the legal advice provided by his attorney.  (Plea hearing transcript, p. 3).  Thus, the record indicates that counsel informed defendant of his rights under the Due Process Clause and the Speedy Trial Act.  Accordingly, counsel's performance did not fall below an objective standard of reasonableness.  *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064.

For the reasons discussed above, this Court denies defendant section 2255 relief with regard to ground two.

### *Disparate and Excessive Sentence*

In ground three, defendant contends that he was clearly prejudiced by the government's 3-year delay in prosecuting the indictment which resulted in a disparate and excessive sentence.  (2255 Motion, p. 8).  Defendant waived his right to collaterally attack his sentence in the plea agreement.  The waiver was knowing and voluntary.  Accordingly, defendant is not entitled to relief with regard to ground three of his motion.

A plea agreement is a contract and subject to contract law standards.  *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985).  A defendant may waive the right to bring a section 2255 petition.  *United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993).  "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so."  *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).  "A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).  The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable."  *Abarca*, 985 F.2d at 1014.

Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced.  *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000).  "The sole test of a waiver's validity is whether it was made knowingly and voluntarily."  *Id*. at 1068.  In determining whether a defendant's plea agreement waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [Fed. R. Crim. P. 11]."  *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th

Cir. 2000).

Here, the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement show that defendant's waiver was knowing and voluntary. In the signed plea agreement, defendant agreed to "waive all Constitutional and statutory rights to . . . attack collaterally ... his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255" and declared that he was doing so "knowingly and voluntarily." (Plea agreement, p. 3). He further acknowledged that his guilty plea was "freely and voluntarily made and . . . not the result of force, threats or promises, except for the promises set forth in [the] plea agreement." (Plea agreement, p. 9). The defendant further acknowledged and agreed that there were no "representations or promises from anyone as to what sentence the Court [would] impose." (Plea agreement p. 9). In the "Waiver of Rights" section of the agreement defendant acknowledged that his attorney explained the rights he was waiving and the consequences of his waiver of the rights and that defendant nevertheless wished to waive his rights and plead guilty. (Plea agreement, p. 8-9). Accordingly, the express language of the plea agreement clearly recited that defendant's waiver was knowing and voluntary.

With regard to the facts and circumstances surrounding the signing and entry of the plea agreement, the Rule 11 plea colloquy also supports a finding that the waiver was knowingly and voluntarily made. At the Rule 11 hearing the sentencing court confirmed that defendant signed the agreement after it was read to him in Spanish and after he went through the agreement with his lawyer. (Plea hearing transcript, p. 2-3). Defendant acknowledged that he understood the agreement before he signed it and that he was satisfied with the legal advice provided by his attorney. (Plea hearing transcript, p. 3). The sentencing court also confirmed with defendant that he understood that he was waiving his right to appeal and collaterally attack his sentence. (Plea hearing transcript, p. 4-5). The sentencing court also asked defendant if he had "any expectation or understanding that [he was] entitled to" anything not written down in the plea agreement. (Plea hearing transcript, p. 6-7). Defendant said he did not. (Plea hearing transcript, p. 7). Accordingly, the Rule 11 plea colloquy also shows that defendant's waiver was knowing and voluntary.

The record establishes that defendant knowingly and voluntarily waived his right to collaterally attack his sentence. Thus, this Court dismisses Ground three of defendant's section 2255 motion.

**CONCLUSION AND ORDER**

For the reasons discussed above, This Court DENIES defendant section 2255 relief.

IT IS SO ORDERED.

**Dated:   October 4, 2011**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE